## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ORIGIS HOLDINGS USA, INC.,

   Plaintiff,

v.

CRAWFORD RENEWABLE
ENERGY SOLUTIONS, LLC;
GEORGIA SNF DEVELOPMENT
1, LLC; and
KENDAL CRAWFORD,
   Defendants.

Civil Action File No: _____

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiff Origis Holdings USA, Inc. ("Origis") files its complaint against

Defendants Crawford Renewable Energy Solutions, LLC ("Crawford Solutions"),

Georgia SNF Development 1, LLC, ("SNF Development") and Kendal Crawford

("Ms. Crawford") (collectively "Defendants").

## INTRODUCTION

This is a suit to enforce two promissory notes and two accompanying

personal guarantees.  Defendants Crawford Solutions and SNF Development

borrowed $169,988 from Origis, and, in exchange, executed two promissory notes

(one for $62,500 and one for $107,448.00).  Ms. Crawford personally guaranteed

payment of each note.  Despite the fact that the loans came due several months ago, and despite Origis's repeated demands, Defendants have not paid the amounts owed under the notes and guarantees.  Origis brings this suit to recover the amounts owed by Defendants, including the principal amount, accrued interest, attorneys' fees.

## **PARTIES**

1.

Origis is a Delaware corporation with its principal place of business in Florida, 1200 Brickell Ave., Suite 1800, Miami, Florida 33131.

2.

Crawford Solutions is a Georgia limited liability company with a principal place of business at 7227 New Dale Road, Rex, Marietta, Clayton County, Georgia 30273.  Crawford Solutions may be served by serving its principal and officer Yolanda Denise Crawford at the same address.

3.

SNF Development is a Georgia limited liability company with a principal place of business at 654 Maple Grove Way, Marietta, Cobb County, Georgia 30066.  SNF Development may be served by serving its principal and officer Clayton Carmack at Emerson Overlook 326 Roswell Street Marietta, Cobb

County, Georgia 30060.

4.

Ms. Crawford is an individual residing at 654 Maple Grove Way, Marietta, Cobb County, Georgia 30066 and may be served at this address.

## JURISDICTION AND VENUE

5.

The Court has subject matter jurisdiction to hear this case as there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.  28 U.S.C. § 1332(a).

6.

Venue is proper as Defendants are located in Clayton County, Georgia and Cobb County, Georgia, which are within the Northern District of Georgia.

## BACKGROUND

7.

In 2013, Origis determined it wanted to purchase a solar power plant in Georgia.

8.

Defendants, in turn, sought to develop the solar power plant for Origis to purchase (the "Facility").

9.

However, Defendants lacked sufficient capital necessary to perform work needed to develop to the Facility.

10.

On August 21, 2013, Origis loaned Crawford Solutions and SNF Development (collectively "Borrowers") sixty-two thousand five hundred dollars ($62,500.00) ("Loan 1") for impact study applications related to the Facility.  A true and accurate copy of the loan agreement for Loan 1 is attached to the Complaint as **Exhibit A**.

11.

In consideration for Loan 1, Borrowers executed in Origis's favor a promissory note in the principal amount of sixty-two thousand five hundred dollars ($62,500.00) ("Promissory Note 1").   A true and accurate copy of Promissory Note 1 is attached to the Complaint as **Exhibit B**.

12.

Ms. Crawford personally guaranteed payment of Promissory Note 1 ("Guarantee 1").  A true and accurate copy of Guarantee 1 is attached to the Complaint as **Exhibit C.**

13.

Promissory Note 1 has an interest rate of eighteen percent (18%) per annum and matured August 21, 2014. Post-maturity interest on Note 1 accrues at the rate of nineteen percent (19%) per annum.

14.

On January 7, 2014, Origis made a second loan to Borrowers of one hundred seven thousand four hundred forty-eight dollars ($107,448.00) ("Loan 2"). The second loan was given to fund the creation of an interconnectivity study related to the Facility. A true and accurate copy of the Loan Agreement for Loan 2 is attached to the Complaint as **Exhibit D**.

15.

In consideration for Loan 2, Borrowers executed in Origis's favor a promissory note in the principal amount of one hundred seven thousand four hundred forty-eight dollars ($107,448.00) ("Promissory Note 2"). A true and accurate copy of Promissory Note 2 is attached to the Complaint as **Exhibit E**.

16.

Ms. Crawford personally guaranteed payment of Promissory Note 2 ("Guarantee 2"). A true and accurate copy Guarantee 2 is attached to the Complaint as **Exhibit F**.

5

17.

Promissory Note 2 has an interest rate of eighteen percent (18%) per annum and matured January 7, 2015.  Post-maturity interest on Note 2 accrues at the rate of nineteen percent (19%) per annum.

18.

As of the date of this Complaint, Borrowers have made no payments to Origis on Promissory Note 1 or Promissory Note 2, and Ms. Crawford has made no payments to Origis on Guarantee 1 or Guarantee 2.

19.

On or about January 9, 2015, Plaintiff sent Defendants demand letters requiring full payment of the amounts owed under Promissory Notes 1 and 2.  True and correct copies of the letters sent to Defendants are attached to the Complaint as **Exhibit G**.  The letters notified Defendants in writing that Origis would enforce the provisions in the Notes and Guarantees providing for the payment of attorneys' fees in addition to principal and interest.  Defendants were given ten (10) days from the receipt of that notice to pay the principal and interest without attorneys fees.

20.

Defendants did not pay the principal and interest owed under Promissory

Note 1 or Promissory Note 2 within ten (10) days of Origis's January 9, 2015 letters.

## COUNT ONE: BREACH OF PROMISSORY NOTE 1

21.

Origis repeats and realleges each and every allegation set forth in paragraphs 1 through 20 above.

22.

Promissory Note 1 matured on August 21, 2014.

23.

As of April 17, 2015, Borrowers owe Origis the principal amount of $62,500.00 plus interest of $19,571.18 on Promissory Note 1.

24.

Interest on Promissory Note 1 continues to accumulate at the rate of $43.32 per day.

25.

Origis is entitled to judgment against Borrowers for all principal and interest due as of the date of judgment pursuant to Promissory Note 1.

## COUNT TWO: BREACH OF PROMISSORY NOTE 2

26.

Origis repeats and realleges each and every allegation set forth in paragraphs 1 through 25 above.

27.

Promissory Note 2 matured on January 7, 2015.

28.

As of April 17, 2015, Borrowers owe Origis the principal amount of $107,448.00 plus interest of $25,153.51 on Promissory Note 2.

29.

Interest on Promissory Note 2 continues to accumulate at the rate of $69.98 per day.

30.

Origis is entitled to judgment against Defendant Borrowers for all principal and interest due as of the date of judgment pursuant to Promissory Note 2.

## COUNT THREE: BREACH OF GUARANTEE 1

31.

Origis repeats and realleges each and every allegation set forth in paragraphs 1 through 30 above.

32.

In Guarantee 1, Ms. Crawford personally guaranteed the indebtedness of Borrowers under Promissory Note 1.

33.

Ms. Crawford has not satisfied the Borrower's indebtedness to Origis under Promissory Note 1.

34.

Pursuant to Guarantee 1, Origis is entitled to judgment against Ms. Crawford for all sums due to Origis pursuant to Promissory Note 1 as of the date of judgment.

## COUNT FOUR: BREACH OF GUARANTEE 2

35.

Origis repeats and realleges each and every allegation set forth in paragraphs 1 through 34 above.

36.

In Guarantee 2, Ms. Crawford personally guaranteed the indebtedness of Borrowers under Promissory Note 2.

37.

Ms. Crawford has not satisfied the Borrower's indebtedness to Origis under

Promissory Note 2.

38.

Pursuant to Guarantee 1, Origis is entitled to judgment against Ms. Crawford for all sums due to Origis pursuant to Promissory Note 2 as of the date of judgment.

## COUNT FIVE: ATTONEYS' FEES

39.

Origis repeats and realleges each and every allegation set forth in paragraphs 1 through 38 above.

40.

Promissory Note 1 and Promissory Note 2 contain provisions for reasonable attorneys' fees to enforce the terms of the Note. **Section 10, Exhibit B and Section 10, Exhibit E**.

41.

Guarantee 1 and Guarantee 2 contain provisions for reasonable attorneys' fees to enforce the terms of the Note. **Section 6, Exhibit C and Section 6, Exhibit F**.

42.

In accordance with O.C.G.A. § 13-1-11, Origis notified Defendants in

writing that Origis would enforce the provisions in the Notes and Guarantees

providing for the payment of attorneys' fees in addition to principal and interest,

and Defendants were given ten (10) days from the receipt of that notice to pay the

principal and interest without attorneys fees.  *See* Origis Letters to Defendants

Dated January 9, 2015, **Exhibit G**.

43.

Defendants failed to pay Promissory Note 1 and Promissory Note 2 in full

within ten (10) days of Origis's letter.

44.

Accordingly, in accordance with O.C.G.A. § 13-1-11, Origis is entitled to

attorneys' fees equal to 15% of the first $500.00 of indebtedness and 10% of the

balance of the remaining indebtedness due under Promissory Notes 1 and 2 as of

the date of judgment.

45.

In addition, Defendants have been stubbornly litigious in forcing Origis to

file suit to collect upon Defendants' debt.  Consequently, under O.C.G.A. § 13-6-

11, the Court should require Defendants to pay expenses that Origis incurs in

pursuing this litigation, including its reasonable attorneys' fees.

## COUNT SIX: UNJUST ENRICHMENT

46.

Origis sets forth this Count for unjust enrichment in the alternative to the courts set forth above.

47.

Origis conferred a benefit upon Defendants when it the Borrowers $169,948.00.

48.

Defendants have not provided any compensation for the receipt of the $169,948.00 benefit conveyed upon them.

49.

Origis provided the $169,948.00 benefit to Defendants solely based on Defendants' promise to repay that amount along with interest, and, therefore, it would be unjust for Defendants to retain the $169,948.00 without compensating Origis.

50.

Accordingly, Defendants are liable to Origis in the amount of benefit conferred on Defendants, and not less than $169,948.00 plus interest.

WHEREFORE, Origis prays for a jury trial on all triable issues and for the Court to order the following damages and remedies:

(i)     On Counts One and Two, judgment against Borrowers for the principal sum of $169,948.00 plus interest of $82,071.18 and which continues to accrue at the rate of $113.30 per day;

(ii)    on Counts Three and Four, judgment against Ms. Crawford for the principal sum of $169,948.00 plus interest of $82,071.18 and which continues to accrue at the rate of $113.30 per day

(iii)   on Count Five, judgment awarding expenses and costs of litigation, including reasonable attorneys' fees;

(iv)    in the alternative, on Count Six, judgment against Defendants for unjust enrichment in an amount appropriate to compensate Origis for the benefit conferred on Defendants, and not less than $169,948.00; and

(v)     any other such relief as the Court deems just and appropriate.

This 17th day of April, 2015.

                                        /s/ James W. Cobb
                                        James W. Cobb
                                        Georgia Bar No. 420133
                                        jcobb@caplancobb.com
                                        Benjamin W. Cheesbro
                                        Georgia Bar No. 648368
                                        bcheesbro@caplancobb.com

**CAPLAN COBB LLP**
1447 Peachtree Street, NE, Suite 880
Atlanta, Georgia 30309
(404) 596-5600 – Office
(404) 596-5604 – Fax

*Attorneys for Plaintiff Origis Holdings
USA, Inc.*

14